UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VENIAS JORDAN, JR.,

    Plaintiff,

v.

VERYNDA STROUGHTER, ET AL.,

    Defendants.
_____/

Case No. 20-cv-12126

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING DEFENDANT MARK WHITE'S EMERGENCY MOTION TO SEAL FILE PENDING THE FILING AND HEARING ON MOTION TO DISMISS AND MOTION FOR PROTECTIVE ORDER [#11]**

**I. INTRODUCTION**

Presently before the Court is Defendant White's Emergency Motion to Seal File pending the filing and hearing on his Motion for Protective Order and forthcoming Motion to Dismiss. ECF Nos. 9, 11. Defendant states that he sought concurrence "for the protective order" from Plaintiff's counsel pursuant to Local Rule 7.1(a), but does not specify whether this concurrence was sought in relation to his Motion for Protective Order, ECF No. 9, or the matter presently before the Court, ECF No. 11. Regardless, upon review of Defendant White's Motion, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve the instant motion on the briefs. *See* E.D. Mich. L.R. §

1

7.1(f)(2). For the reasons discussed herein, the Court will **DENY WITHOUT PREJUDICE** Defendant White's Emergency Motion to Seal [#11].

## II. DISCUSSION

"Parties desiring to file court papers under seal face a formidable task in overcoming the presumption that court filings are open to public inspection." *State Farm Mutual Auto. Ins. Co. v. Elite Health Ctr., Inc.*, 2018 WL 3649554, at *2 (E.D. Mich. Aug. 1, 2018) (citing *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "Only the most compelling reasons can justify non-disclosure of judicial records." *Cristini v. City of Warren*, 2011 WL 5304566, at *1 (E.D. Mich. Nov. 3, 2011) (quoting *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)).

"[E]ven when a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *State Farm Mutual Auto. Ins. Co.*, 2018 WL 3649554, at *2 (quoting *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016)). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* (quoting *Shane Group, Inc.*, 825 F.3d at 305-06).

Here, Defendant White does not narrowly identify any documents or exhibits that should be sealed, instead requesting that the entirety of his "anticipated motion to dismiss" is sealed pending a hearing on the matter. ECF No. 11, PageID.160.

The Court briefly notes that the relief Defendant seeks is inconsistently argued throughout his Motion, as Defendant later states that "sealing *of the court file* is absolutely necessary" at this stage of the litigation. *Id.* at PageID.163 (emphasis added). While inconsistently argued, the Court gathers that Defendant White seeks, at the very least, the sealing of his entire forthcoming motion to dismiss and, at most, the sealing of the entire record in this case pending the resolution of the dismissal motions.

Local Rule 5.3 governs the applicable procedures for a party seeking to file documents under seal. *See* E.D. Mich. L.R. § 5.3(b). The Rule specifies six requirements that the party's motion to seal "must contain," including an index of the proposed documents to be sealed as well as the redacted and unredacted versions of the documents to be sealed. *Id.* at § 5.3(b)(3)(A)(i)-(vi). Defendant White was also required to present "for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority." *Id.* at § 5.3(b)(3)(A)(iv).

Defendant White has not met the requirements to properly file his motion to seal on both procedural and substantive grounds. Beyond his failure to file the index, redacted, and unredacted documents, White has also "failed to carry the heavy burden of justifying the wholesale sealing of the numerous [] documents that [he] seeks in this motion." *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 377 F.

Supp. 3d 779, 784 (E.D. Mich. 2019), *appeal dismissed*, No. 19-1516, 2019 WL 8688811 (6th Cir. May 15, 2019). Defendant asserts that the "sealing of the court file is absolutely necessary to prevent Plaintiff's counsel's practice of dissemination of discovery and the pleadings to social media and other media outlets." ECF No. 11, PageID.163. Defendant points to events that occurred in a similar lawsuit in state court where Plaintiff's counsel previously failed to abide by a protective order and disseminated protected information to the public. *Id.* at PageID.163-164.

While the Court acknowledges Defendant's concerns, White has not demonstrated with specificity what information he seeks to protect with the instant motion. Fear about the future possibility that Defendant is "annoyed, embarrassed, or oppressed by media coverage in this matter," is by itself insufficient to warrant sealing the entirety of either his anticipated dismissal motion or the rest of the case docket. *Id.* at PageID.163. As provided in the Court's Comments to Local Rule 5.3, Defendant's "burden is a heavy one and only the most compelling reasons can justify non-disclosure of judicial records." E.D. Mich. L.R. § 5.3, Cmt. to 2018 Revisions. Defendant has failed to meet his heavy burden here. Accordingly, the Court will DENY WITHOUT PREJUDICE Defendant's Motion [#11].

### III. CONCLUSION

For the reasons discussed herein, the Court will **DENY WITHOUT PREJUDICE** Defendant Mark White's Emergency Motion to Seal File Pending the

Filing and Hearing on Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) in Lieu of Answer, and Motion for Protective Order [#11].

**IT IS SO ORDERED.**

s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2020

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 28, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager